**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

No. 0:10-cv-3734 (JNE/JSM)

AGA Medical Corp.,

       Plaintiff,

    v.

W. L. Gore & Associates, Inc.,

       Defendant.

**GORE'S OPPOSITION TO AGA'S MOTION**
**TO STRIKE DEFENDANT'S PRIOR ART STATEMENT**
**AS NON-COMPLIANT WITH THE COURT ORDER**

1

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ..................................................................... 1

I.   GORE'S PRIOR ART STATEMENT FULLY COMPLIES  WITH
     THE COURT'S SCHEDULING ORDER ........................................... 2

     A.   *Gore Has Disclosed How The Prior Art Invalidates The '738 Patent
          And Otherwise Fully Complied With The Court's Scheduling Order* ........... 2

     B.   *Motivation To Combine For Obviousness Is Not Required;  AGA's
          Motion Ignores The Supreme Court's KSR Decision* .................................. 6

     C.   *Each Obviousness Combination Need Not Be Charted;  Gore
          Disclosed Its Invalidity Theories to AGA* ..................................................... 8

     D.   *AGA's Final Infringement Contentions Evidence Broad Claim
          Construction Which Makes Many Prior Art References Relevant* ............. 11

     E.   *Gore Identifies Additional Prior Art References To Show State of the
          Prior Art, and Additional Charts Are Not Required For Such
          References* ................................................................................................... 12

II.  ALTERNATIVELY, IF THE COURT DETERMINES THAT
     GORE'S PRIOR ART STATEMENT IS NOT IN COMPLIANCE
     WITH  THE COURT'S ORDER, GORE SHOULD BE ALLOWED
     TO AMEND ...................................................................................... 13

     CONCLUSION ................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alt v. Medtronic, Inc.*,
  No. 2:04-cv-370, 2006 WL 278868 (E.D. Tex. Feb. 1, 2006)..........................10, 12-13

*Avago Techs. Gen. IP Pte Ltd. v. Elan Microelectronics Corp.*,
  No. 04-cv-5385, 2007 WL 951818 (N.D. Cal. Mar. 8, 2007) ......................................8

*Biopolymer Eng'g, Inc. v. Immunocorp*,
  No. 05-cv-536, 2009 U.S. Dist. LEXIS 82864 (D. Minn.Feb. 18, 2009).....................4

*Cummins-Allison Corp. v. SBM Co., Ltd.*,
  No. 9:07-cv-196, 2009 U.S. Dist. LEXIS 22117 (E.D. Tex. Mar. 19, 2009)...............9

*Global Traffic Techs., LLC v. Tomar Elecs., Inc.*,
  No. 05-cv-756 (MJD/AJB), 2007 U.S. Dist. LEXIS 94572 (D. Minn. Dec. 27,
  2007) .............................................................................................................................11

*Hysitron Inc. v. MTS Sys. Corp.*,
  No. 07-cv-1533, 2010 U.S. Dist. LEXIS 171 (D. Minn. Jan. 4, 2010) ......................10

*ICON Health & Fitness, Inc. v. Octane Fitness, LLC*,
  No. 09-cv-319 (ADM/SRN), 2010 U.S. Dist. LEXIS 43907 (D. Minn. May 5,
  2010) .............................................................................................................................13

*Keithley v. The Homestore.com, Inc.*,
  553 F.Supp.2d 1148 (N.D. Cal. 2008) ........................................................................8

*KSR Int'l Co. v. Teleflex Inc.*,
  550 U.S. 398 (2007).............................................................................................passim

*MedImmune, LLC v. PDL BioPharma, Inc.*,
  No. 5:08-cv-5590, 2011 WL 61191 (N.D. Cal. Jan. 7, 2011) ......................................9

*Realtime Data, LLC v. Packeteer, Inc.*,
  No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 114207 (E.D. Tex. Dec. 8, 2009) ..............11

*Saffran v. Johnson & Johnson*,
  No. 2:07-cv-451, 2009 U.S. Dist. LEXIS 19615 (ED. Tex. Feb. 24, 2009).................9

*Sick A.G. v. Omron Sci. Techs., Inc.*,
    No. 06-cv-2028, 2007 U.S. Dist. LEXIS 33818 (N.D. Cal. Apr. 24, 2007) .............. 12

*Streck, Inc. v. Research & Diagnostic Sys., Inc.*
    658 F.Supp.2d 988 (D. Neb. 2009) ............................................................................ 9

*Tyco Healthcare Group, LP v. Applied Med. Res. Corp.*,
    No. 9:06-cv-151, 2009 U,S,. Dist. LEXIS 125379 (E.D. Tex. Mar. 30, 2009) ............ 9

**STATUTES**

35 U.S.C. § 103 ............................................................................................................ 2, 3

**OTHER AUTHORITIES**

*3M Innovative Props. Co. v. Tomar Elec., Inc.*,
    No. 05-756, Order (dated Jul. 24, 2006)) ............................................................... 7, 8

U.S. Pat. No. 5,944,738 ........................................................................................... passim

U.S. Pat. No. 5,451,235 ................................................................................................... 6

## SUMMARY OF ARGUMENT

Gore's prior art statement fully complies with the Court's Scheduling Order.  In this patent case, AGA Medical Corp. ("AGA") has attempted to stretch beyond recognition the claims of U.S. Pat. No. 5,944,738.  It does this because the accused device, W.L. Gore & Associates, Inc.'s ("Gore") HELEX® septal occluder, is very different from the invention of the '738 patent.  Expanding the scope of asserted claims, however, has consequences.  A basic requirement of patenting is that the invention must be both new (not anticipated) and not obvious.  AGA's '738 patent fails on both counts, and is not valid and therefore cannot be infringed.

AGA's "Motion to Strike" lacks merit because it is wrong on the fact and is wrong on the law.  Gore's final prior art statement explains in detail how thirty-eight different prior art references anticipate or disclose exactly the same invention as in AGA's asserted claims.  Gore's final prior art statement also explains if there are differences between the prior art and the asserted claims, the asserted claims are invalid as obvious based on the combination of those thirty-eight references.  Although not required, Gore's final prior art statement also provides motivation to combine various prior art teachings that disclose how various elements of these prior art teachings would be combined in an obviousness analysis.  Neither the Scheduling Order nor precedent from this district requires more.

The number of the prior art references and the combinations is dictated by AGA's infringement contentions.  Having broadly construed the claims, AGA now is faced literally with an avalanche of prior art.  It is both appropriate and necessary for Gore to point that out in its prior art statement.

1

While Gore provides a number of additional background prior art references to provide the full context of the crowded field of art in which AGA seeks to assert expansive arguments about the scope of its claims, these are not asserted to anticipate or render obvious the asserted claims.  There is no requirement to provide a "chart" for such references, especially where their relevance is explained.

In short, AGA's motion to strike should be denied.

## I.      GORE'S PRIOR ART STATEMENT FULLY COMPLIES WITH THE COURT'S SCHEDULING ORDER

The Court's Scheduling Order requires that Gore "disclose[] and explain[] in detail how the prior art invalidates the patent."  (Dkt. No. 205 at 6).  Gore's final prior art statement does that.

### A.      Gore Has Disclosed How The Prior Art Invalidates The '738 Patent And Otherwise Fully Complied With The Court's Scheduling Order

Gore has been diligent throughout this case in collecting and analyzing the many prior art references that invalidate the '738 patent.  On February 13, 2012, Gore timely served its final invalidity statement (Ex. 1)[1].  In that statement, Gore identifies thirty-eight references that invalidate the claims of the '738 patent, either as anticipated or obvious.  (Ex. 1, pp. 4-14).  There are not billions of references, but just eleven prior art devices (described in attached exhibits A-K to Gore's statement) and twenty-seven patents and publications (described in attached exhibits 1-27 to Gore's statement).  Each element of each asserted claim is shown within each of the references.

---

[1] "Ex. __" refers to an exhibit attached to the Declaration of Galyn Gafford in support of Gore's Opposition to AGA's Motion to Strike Defendant's Prior Art Statement As Non-Compliant With The Court Order.

Next, Gore states if one or more of the elements is found to be lacking from these references after claim construction, then the claims are invalid for obviousness under 35 U.S.C. § 103.  (Ex. 1, pp. 13-16).  Gore explains that "common sense, design incentives, market forces, and the background knowledge" provide the reason or rationale for combining the prior art.  (*Id*. at 14).  Gore then lists a number of specific obviousness combinations.  (*Id*. at 16-33).

While Gore did not chart each of the obviousness combinations, we estimate that it would have taken over 25,000 pages to chart just these identified obviousness combinations[2] based on the length of Gore's detailed claim charts for the thirty-eight references.  Such a voluminous disclosure would not have provided new information to AGA.  Gore already has identified where each element of each asserted claim is found in the prior art.

Gore then explains way the claims are obvious in view of the thirty-eight prior art references:

- ✓ "[a]t best, the asserted claims of the '738 patent describe the use of a known technique (whether that be increasing flexibility, allowing lateral movement, or use of a particular means for securing) to improve similar devices in the same or predictable ways."  (*Id*. at 14).

- ✓ "the asserted claims are combinations of familiar elements according to known methods, or represents a simple substitution of one known element for another" (*Id*.)

- ✓ "the '738 patent seeks to adapt known devices for a particular kind of known defect (whether ASD, PFO or PDA, for example) by increasing flexibility or allowing lateral movement,  a person having ordinary skill in the art could choose

---

[2] Gore removed various prior art references from specific obviousness combination where appropriate.  Contrary to AGA's suggestion, Gore did not indiscriminately combine all thirty-eight references.

from a number of predictable solutions (e.g., increasing flexibility of the occluder discs, or increasing the flexibility of the portion between the occluder discs) with a reasonable expectation of successfully obtaining the medical device claimed in the '738 patent." (*Id*. at  15).

These obviousness rationales are permitted under *KSR*.  See *infra* at 6.

Next Gore explains that "the motivation or reason to combine or modify prior art to create invalidating [obviousness] combinations under 35 U.S.C. § 103 can be found in the references" themselves.  (*Id*. at 14).  This motivation comes from "common sense," "the nature of the problem to be solved," "the design need," and "the teachings of the references themselves."  (*Id*. at 15).  Moreover, Gore notes that persons skilled in this art understood beneficial attributes for these devices:

- ✓ "[T]he art recognized that a wide range of atrial defects (including ASDs, PDAs and PFOs) could be treated with these medical devices, and the morphology of these defects varied."  (*Id*. at 15 (citing to paragraph 6)).

- ✓ "The art also recognized that flexibility, elasticity, resilience and/or stretchability of a collapsible medical device were advantageous." (*Id*. at 15 (citing to paragraph 7)).

- ✓ "The art also appreciated the advantages of using shape memory materials, including nitinol, in implantable medical devices and knew how to manufacture such devices." (Id. at 15 (citing to paragraph 5)).

- ✓ "[T]e art recognized a device that would allow lateral motion of the discs with respect to each other was useful for treating various defects."  (*Id*. at 15 (citing to paragraph 7)).

- ✓ "[The art] recognized that means for securing the device to a delivery system were advantageous." (*Id*.  at 15 (citing to paragraph 8)).

Gore also identifies additional prior art for context, e.g., to show the state of the prior art.  (*Id*.at 33-54).  Gore also sets forth other grounds for invalidity including lack of enablement and failure to provide written description (*Id*. at 54-61).

4

These disclosures put AGA on full notice as to the prior art Gore relies on and how that prior art invalidates the claims.  Such a disclosure fully complies with the requirements of the Court's Scheduling Order.  *See, e.g., Biopolymer Eng'g, Inc. v. Immunocorp*, No. 05-cv-536, 2009 U.S. Dist. LEXIS 82864, at *58-59 (D. Minn. Feb. 18, 2009) (rejecting argument that prior art statement was deficient where it contained "a list of prior art references," "identif[ied] combinations of prior art references," "disclos[ed] what the references teach," and "explain[ed] how the references render certain asserted claims obvious.")

AGA's motion to strike is inconsistent with AGA's practice when it is a defendant in this district.  AGA was an accused infringer in *Regents of the University of Minnesota v. AGA Med. Corp*, Case No. 07-cv-04732 (D. Minn.).  AGA provided a prior art statement that did not meet the very requirement it seeks to impose on Gore. Specifically, AGA provided six charts (exhibits C-H to that statement) (Ex. 2) purporting to show the asserted claims were anticipated or obvious in view of prior art.  With a lone exception,[3] AGA failed to provide any motivation to combine or reason that the invention was obvious in any of these charts. For example, AGA contended that claim 1 of the asserted '281 patent was either anticipated by "Voinov I" or obvious over "Voinov I in view of  "King, Lock, Rome, Mills, Porstmann, Babic, and / or Muenster." (Ex. 2 at p. C-

---

[3] The only time that AGA provided a motivation to combine was in Exhibit F to its Statement, where AGA argued it was proper to combine the "Marks" reference with "Babic" to "combine a tubular segment of ivalon sized to approximate the defect with the existing tubular segment. (Ex. 2 at p. F-36) (under seal).

1).  AGA did not identify any motivation to combine or reason that the claimed invention

was obvious for any of the 28 prior art combinations asserted against that claim.

   B.    *Motivation To Combine For Obviousness Is Not Required;*
         *AGA's Motion Ignores The Supreme Court's KSR decision*

   Gore's final prior art statement is consistent with *KSR International Co. v. Teleflex*

*Inc.*, 550 U.S. 398 (2007).  In *KSR*, the Supreme Court adopted a flexible obviousness

inquiry and did away with the requirement to identify specific pieces of prior art to

demonstrate a teaching, suggestion or motivation:

> "In determining whether the subject matter of a patent claim
> is obvious, neither the particular motivation nor the avowed
> purpose of the patentee controls.  What matters is the
> objective reach of the claim.  If the claim extends to what is
> obvious, it is invalid under § 103."

*Id*. at 419.  In *KSR*, the Supreme Court identified factors beyond motivation to combine

that are relevant to obviousness, *e.g.*,: (i) combination of prior art elements is obvious if it

is no more than the predictable use of prior art elements according to their established

function (*id*. at 417), (ii) substitution of one known element for another (*id*. at 417-18),

and (iii) obvious to try based on design incentives, etc. (*id*. at 421).  These permitted

obviousness rationales are set forth on pages 14- 15 of Gore's Final Prior Art Statement,

and are sufficient.  *See supra* at 3.  Accordingly, AGA is simply wrong to argue that

Gore's obviousness theories lack a required motivation of combine; that is not the law.

   Nonetheless, Gore's Final Prior Art Statement does provide motivation to combine

at page 15.  *See supra* at 4.  Paragraph 5 explains shape memory materials, including

nitinol, were among known methods for making implantable medical devices.  (Ex. 1, p.

45).  Six references are identified to illustrate this background knowledge.  (Ex. 1, pp. 45-

46).  Such knowledge is relevant to obviousness.  *See KSR*, 550 U.S. at 416

("combination of familiar elements according to known methods is likely to be obvious

when it does no more than yield predictable results.")

Paragraph 6 explains that the art appreciated that cardiac defect morphology or

shape varied.  (Ex. 1 at pp. 46-48).  For example, prior art U.S. Patent No. 5,451,235 to

Lock shows an occluder for use with an eccentric hole in the heart (*i.e.*, the portion

joining the two discs is not straight) and allows lateral movement as also depicted in the

'738 patent:



It would be obvious to try to modify the prior art references (publication or device) to

achieve this known functionality.  *See KSR*, 550 U.S. at 421 (claimed combination of

elements was "obvious to try" when there is a design need or market pressure to solve a

problem and there are a finite number of identified, predictable solutions, a person of

ordinary skill has good reason to pursue the known options within his or her technical

grasp).

Paragraph 7 of Gore's final prior art statement describes that it was known to make the central portion of a medical device flexible, elastic, resilient, etc.  (Ex. 1 at pp. 48-52).  This was a known functional attribute and it is likely to be obvious to provide that attribute to other prior art.  *See KSR*, 550 U.S. at 416.

Paragraph 8 of Gore's final prior art statement describes that the prior art know how to secure a medical device to a delivery system and a clamp with a threaded bore was one known option.  (Ex. 1 at pp. 52-53).  It would have been obvious to use this known technique to improve similar devices.  *See KSR*, 550 U.S. at 417-418 (substitution of one known element for another).

C.    *Each Obviousness Combination Need Not Be Charted;*
      *Gore Disclosed Its Invalidity Theories to AGA*

Gore charted each of the thirty-eight references individually, and also provided numerous reasons to make the combinations.  See *supra* at 2-4.  AGA has not cited to any order or binding precedent that Gore is required to "chart" each and every combination of obviousness references.

The only case that AGA cites from this District is *3M Innovative Props. Co. v. Tomar Elec., Inc.*, and it actually supports Gore.  In *Tomar*, the prior art statement was only four pages in length, provided a listing of sixteen prior art references, and had a brief discussion of only seven of the listed patents.  (Ex. 3, Tomar's prior art statement, dated June 15, 2006).  With this scant disclosure, the patentee did not know what invalidity theories actually were being asserted.  Additionally, the *Tomar* court expressly imposed additional requirements for its prior art statement in its order:

> "Defendant shall serve on Plaintiff a list of all of the prior art on which it
> relies, and a complete and detailed explanation of what it alleges the prior
> art shows and how that prior art invalidates the claim(s) asserted by
> Plaintiff. … If Defendant alleges that a combination of prior art items
> render a claim obvious, Defendant shall identify each combination of prior
> art and the motivation to combine the items."

*3M Innovative Props. Co. v. Tomar Elec., Inc.*, No. 05-cv-756, Order and

Recommendation on Plaintiff's Motion to Strike Defendant's Prior Art Statement (D.

Minn. Jul. 24, 2006) (Jansen Dec. Ex. J).

The differences between *Tomar* and this case are stark.  Here, rather than a four-

page disclosure, Gore has submitted a 780 page document that provides detailed prior art

charts of thirty-eight references.  Moreover, this Court's Order here did not contain the

foregoing language or similar language from the scheduling order in *Tomar*.  See Dkt.

No. 205.  Moreover, for each of the thirty-eight references that Gore cites, AGA knows

which teachings Gore relies on to disclose the various claim limitations.  Gore provides

an extensive discussion of the prior art, listing obviousness combinations and providing

the reasons and motivations to combine.[4]  Numerous courts have recognized that even

large numbers of obviousness combinations may be appropriate so long as reasonably

specific.  *See, e.g., Keithley v. The Homestore.com, Inc.*, 553 F.Supp.2d 1148, 1150 (N.D.

Cal. 2008)(denying motion to strike defendant's invalidity contentions and accepting a

list of seventy-two prior art references "which did not specify

---

[4]  The *Tomar* Order (Jansen Dec. Ex. J) was issued prior to *KSR*.  The portion of the *Tomar* order
dealing with showing the motivation to combine would have been inconsistent with the current
standard for obviousness as enunciated in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).
Nonetheless, Gore believes that its final prior art statement would also satisfy the stricter
requirements of the *Tomar* Order.

whether each reference art anticipated the patent, rendered it obvious, or both" because approach was reasonable even though the resulting number of obviousness combinations was high); *Avago Techs. Gen. IP Pte Ltd. v. Elan Microelectronics Corp.*, No. 04-cv-5385, 2007 WL 951818, at *4 (N.D. Cal. Mar. 8, 2007) (permitting disclosure of obviousness combinations by organizing the prior art references into two groups and claimed that the theory of obviousness was true for every possible combination within the two groups because it "reasonably specifies the combination of prior art references that allegedly render Avago's patents obvious."); *MedImmune, LLC v. PDL BioPharma, Inc.*, No. 5:08-cv-5590, 2011 WL 61191, at *5 (N.D. Cal. Jan. 7, 2011) (denying motion to strike the plaintiff's invalidity contentions where more than a hundred prior art references were grouped together and said to anticipate "and/or" make obvious the asserted claims).

The other cases cited by AGA deal with an entirely different situation: general reservations in which an obviousness argument is sought to be preserved without explanation. *Streck, Inc. v. Research & Diagnostic Sys., Inc.* 658 F.Supp.2d 988, 1002 (D. Neb. 2009) (reservation to add obviousness invalidity contentions, which it never added, was not sufficient to enable defendants to rely upon that defense); *Tyco Healthcare Group, LP v. Applied Med. Res. Corp.*, No. 9:06-cv-151, 2009 U.S,. Dist. LEXIS 125379, at *8 (E.D. Tex. Mar. 30, 2009) (not allowing obviousness combinations that were never disclosed); *Cummins-Allison Corp. v. SBM Co., Ltd.*, No. 9:07-cv-196, 2009 U.S. Dist. LEXIS 22117, at *10 (E.D. Tex. Mar. 19, 2009) (defendant not allowed to rely on omitted art combinations that it disclosed to the USPTO before served its invalidity contentions); *Saffran v. Johnson & Johnson*, No. 2:07-cv-451, 2009 U.S. Dist.

LEXIS 19615, at *4 (ED. Tex. Feb. 24, 2009) (striking invalidity contentions that did not specifically identify combinations of references).

In sum, AGA has not cited to any order or controlling precedent that requires Gore to "chart" each combination of references that it identified in its prior art statement, as AGA seems to argue. Nonetheless, Gore charted each of the thirty-eight references individually, and also provided numerous reasons to make the combinations. That is enough.

D.   *AGA's Final Infringement Contentions Evidence*
     *Broad Claim Construction Which Makes Many Prior Art References*
     *Relevant*

AGA's infringement contentions led to the large volume of invalidating prior art. In hopes of ensnaring the Gore HELEX® septal occluder device, AGA broadly construed the asserted claims in its infringement contentions. For example, AGA construed the "means for securing said device to a delivery system" limitation to encompass literally "anything" that secures a medical device. (*E.g.*, Ex. 4, Jan. 30, 2012 AGA Final Infringement Contentions, at pp. 15-16) Using this broad construction, AGA has identified several different structures in the HELEX® septal occluder device, which reinforces the seemingly broad nature of AGA's contentions:

| AGA's Infringement Contentions | Allegedly Corresponding Structure In HELEX® |
|---|---|
| Preliminary (served Jan. 18, 2011) (Ex. 5) | either a "straightened 'lock loop'" or a "retrieval cord". (pp. 8-9). |

11

| AGA's Infringement Contentions | Allegedly Corresponding Structure In HELEX® |
|---|---|
| Final (served Jan. 30, 2012) (Ex. 4) | abandoned its lock loop and retrieval cord theories, and instead argued this was "either the left or right atrial eyelet."  (pp. 15-16). |

Such broad infringement contentions—evincing a broad construction of the claims— can justifiably cause the defendant to engage in a similarly broad and far-reaching prior art search.  *Alt v. Medtronic, Inc.*, No. 2:04-cv-370, 2006 WL 278868, *4 (E.D. Tex. Feb. 1, 2006) ("Alt apparently had a broader definition of activity sensor at the beginning of the case, which directed Medtronic's research to a larger spectrum of devices than are presently at issue in the case.")  Having broadly construed the claims, AGA now is faced literally with an avalanche of prior art.  There is nothing improper about that. [5]

E.     *Gore Identifies Additional Prior Art References To Show State of the Prior Art, And Additional Charts Are Not Required For Such References*

AGA incorrectly argues (Br. 6) that Gore has listed hundreds of prior art references as allegedly anticipating or rendering obvious the claims without making any comparison to those claims.  That is flat wrong.  The thirty-eight prior art references that anticipate or render obvious an asserted claim are discussed in the detailed charts provided to AGA.  To illustrate the general background knowledge in the art, Gore

---

[5] AGA now appears to recognize its error and recently changed course.  On March 27, 2012, it adopted a far narrower interpretation of the "means for securing" limitation in claim 20 of the '738 patent and now admits that it is limited to a threaded bore.  (Ex. 6, p. 2).  *See infra*.  This change by AGA may provide good cause for amendment of Gore's final prior art statement.

identifies further prior art references.  (Ex. 1 at pp. 33-45 (paragraph 4), 45-46 (paragraph 5), 47-48 (paragraph 6), 48-51 (paragraph 7), 52-53 (paragraph 8).

AGA cites to no precedent requiring that uncharted **background** references be stricken.[6]  AGA's cases involve attempts to use uncharted references as principal references to invalidate patents.  *See Global Traffic Techs., LLC v. Tomar Elecs., Inc.*, No. 05-cv-756 (MJD/AJB), 2007 U.S. Dist. LEXIS 94572, at *10 (D. Minn. Dec. 27, 2007) (finding that a vague reference to prior art is not sufficient to show what that prior art shows and *"how that prior art invalidates the claim(s) asserted by Plaintiff"*) (emphasis added); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 114207, at 19 (E.D. Tex. Dec. 8, 2009) (striking prior art not identified in prior art statement because defendant did not move to amend prior art statement to identify them).

In sum, all thirty-eight prior art references that anticipate or render obvious the asserted claims have been explained in detail to AGA.  The remaining references are appropriately explained, and there is no basis to strike them.

## II.    ALTERNATIVELY, IF THE COURT DETERMINES THAT GORE'S PRIOR ART STATEMENT IS NOT IN COMPLIANCE WITH THE COURT'S ORDER, GORE SHOULD BE ALLOWED TO AMEND

Gore's Final Prior Art Statement  "assumes [claim] constructions that are consistent with … AGA's Final Claim Chart served on January 30, 2012."  (Ex. 1, at p. 2).  Because those constructions were far from models of clarity and implied a very broad

---

[6] AGA's motion does not identify the references which are discussed in Gore's thirty-eight invalidity charts, but for the Court's convenience, Gore has attached a list. (Ex. 7).

view of the claims, Gore prepared a thorough and exhaustive treatment of the prior art. Gore did so because, in its view, AGA's extremely broad claim constructions were untenable. Gore believed that AGA would ultimately narrow its constructions, and that is exactly what has recently transpired.

In a March 27, 2012 letter, AGA stated that "means for securing" is a narrow term and is limited to a threaded bore. (Ex. 6 (Mar. 27, 2012 ltr. at p. 2)). This was a significant change. AGA had argued this term was very broad and covered "anything" that secures a medical device as recently as January 30, 2012 (Ex. 4 at pp. 15-16).

If the Court finds that Gore's Final Prior Art Statement is somehow deficient, then Gore may seek to amend its disclosures. Such amendment could help to narrow the case and would serve the parties' and the Court's interest in streamlining this litigation. Given the relatively early stage of this litigation, AGA would suffer no prejudice. No pretrial filings, hearing, or depositions relating to invalidity have occurred. Fact discovery is ongoing. *See Sick A.G. v. Omron Sci. Techs., Inc.*, No. 06-cv-2028, 2007 U.S. Dist. LEXIS 33818, at *3 (N.D. Cal. Apr. 24, 2007) (no prejudice to patentee where supplementation occurred nine months before the close of discovery and before the claim construction hearing). No parties have served any expert reports relating to invalidity. Claim construction hearing is still months away. See *Alt*, 2006 WL 278868, at *4 (granting leave to amend invalidity contentions after the completion of claim construction briefing and hearing). Trial will occur no sooner than March 2013. AGA will unquestionably have more than ample time to review and analyze Gore's invalidity contentions, and such amendments should be allowed. *See, e.g., ICON Health &*

*Fitness, Inc. v. Octane Fitness, LLC*, No. 09-cv-319 (ADM/SRN), 2010 U.S. Dist. LEXIS 43907, at *8 (D. Minn. May 5, 2010) (denying motion to strike because party was diligent); and *Hysitron Inc. v. MTS Sys. Corp.*, No. 07-cv-1533, 2010 U.S. Dist. LEXIS 171, *22-23 (D. Minn. Jan. 4, 2010) (allowing amendment to rely on late disclosed prior art because there is a public interest in invalidating patents that are anticipated or obvious and allowance of the art would only require little additional discovery).

In sum, while Gore earnestly believes that it has complied with the Court's Order to provide a detailed final prior art statement, Gore would welcome the future opportunity to refine and focus its prior art statement in light of AGA's recently adopted claim construction positions if the Court believes it would be appropriate.

## CONCLUSION

AGA's motion to strike should be denied because Gore's final prior art statement fully complies with the Court's order.  Consistent with the precedent in this District, Gore's statement contains a list of prior art references, identifies combinations of prior art references, discloses what the references teach, and explain show the references render certain asserted claims obvious.

Dated: April 17, 2012                    **W. L. GORE & ASSOCIATES, INC.**

Matthew K. Blackburn (CA #261959)
LOCKE LORD LLP
44 Montgomery Street
Suite 2400
San Francisco, CA 94104
Telephone: (415) 318-8810

Facsimile: (415) 676-5816
E-mail: mblackburn@lockelord.com

John F. Sweeney (NY #1394568)
Andrea L. Wayda (NY #2524932)
Steven M. Purdy (NY #4406823)
LOCKE LORD LLP
Three World Financial Center
New York, New York 10281-2101
Telephone: (212) 415-8600
Facsimile: (212) 303-2754
Email: jsweeney@lockelord.com

Myoka Kim Goodin (CA #229073)
Patrick Gallagher (IL #6294674)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606-4410
Telephone: (312) 443-0700
Email: mkgoodin@lockelord.com

Galyn Gafford (TX #24040938)
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
Telephone: (214) 740-8000
Email: ggafford@lockelord.com

James W. Poradek (#290488)
Katherine S. Razavi (#388958)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: 612-766-7000
Facsimile: 612-766-1600
E-mail: jporadek@faegre.com
E-mail: krazavi@faegre.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **AGA Medical Corp.,** | No. 0:10-cv-3734 (JNE/JSM) |
| **Plaintiff,** | **GORE'S OPPOSITION TO AGA'S MOTION TO STRIKE DEFENDANT'S PRIOR ART STATEMENT AS NON-COMPLIANT WITH THE COURT ORDER** |
| **v.** | |
| **W. L. Gore & Associates, Inc.,** | |
| **Defendant.** | |

I, Galyn Gafford, certify that Gore's Response to AGA's Motion to Strike Defendant's Prior Art Statement as Non-Compliant with the Court's Order complies with Local Rule 7.1(c).

I further certify that, Microsoft Word 2010 was used in preparation of this brief and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.  In compliance with Local Rule 7.1(d), I certify that the above referenced brief contains no more than 4098 words.

Additionally, I certify that the type size, line spacing, font size, page size, and margins of the above referenced brief comply with Local Rule 7.1(f).

Dated: April 17, 2012                     Respectfully submitted,

                                          W.L. GORE & ASSOCIATES, INC.

                                          /s/ Galyn Gafford
                                          Matthew K. Blackburn (CA #261959)
                                          LOCKE LORD LLP

44 Montgomery Street
Suite 2400
San Francisco, CA  94104
Phone: (415) 318-8810
Fax: (415) 676-5816
E-mail: mblackburn@lockelord.com

John F. Sweeney (NY #1394568)
Andrea L. Wayda (NY #2524932)
Steven M. Purdy (NY #4406823)
LOCKE LORD LLP
Three World Financial Center
New York, New York  10281-2101
Phone: (212) 415-8600
Fax: (212) 303-2754
Email: jsweeney@lockelord.com

Myoka Kim Goodin (CA #229073)
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL  60606-4410
Phone: (312) 443-0700
Fax: (312) 443-0336
Email: mkgoodin@lockelord.com

Galyn Gafford (TX #24040938)
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
Telephone: (214) 740-8000
Email: ggafford@lockelord.com


James W. Poradek (#290488)
Katherine S. Razavi (#388958)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone:  612-766-7000
Facsimile:  612-766-1600
E-mail: jporadek@faegre.com
E-mail: krazavi@faegre.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | No. 0:10-cv-3734 (JNE/JSM) |
|---|---|
| AGA Medical Corp., | **CERTIFICATE OF SERVICE** |
| Plaintiff, | |
| v. | |
| W. L. Gore & Associates, Inc., | |
| Defendant. | |

---

     I hereby certify that on April 17, 2012, I have caused a copy of Gore's Opposition To Aga's Motion To Strike Defendant's Prior Art Statement As Non-Compliant With The Court Order to be served by e-mail upon counsel for Plaintiff AGA Medical Corporation:

     Alan G. Carlson (acarlson@ccvl.com)
     J. Derek Vandenburgh (dvandenburgh@ccvl.com)
     R. J. Zayed (rzayed@ccvl.com)
     Tara C. Norgard (tnorgard@ccvl.com)
     Dennis C. Bremer (dbremer@ccvl.com)
     Jonathan D. Carpenter (jcarpenter@ccvl.com)
     CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.
     225 South Sixth Street
     Suite 3200
     Minneapolis, MN 55402

Dated: April 17, 2012                           _____/s/ Galyn Gafford___
                                        Galyn Gafford

19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

*AGA Medical Corp.*
        Plaintiff

v.

*W.L. Gore & Associates*
        Defendant

**CERTIFICATE OF SERVICE OF
CONVENTIONALLY
FILED/SEALED DOCUMENTS**
Case No.: 0:10-cv-3734 (JNE/JSM)

I hereby certify that on (date), I caused the following documents:

*Exhibit 2 – Exhibits C-H to Plaintiff AGA Medical Corporation's prior art statement submitted in Regents of the Univ. of Minn. v. AGA Medical Corp., Civil Action No. 07-cv-04732 (D. Minn.), which were served on December 1, 2009.*

to be filed conventionally with the Clerk of Court in accordance with Section IX of the Civil ECF Guide or Section V of the Criminal ECF Guide and that I caused a copy of the foregoing documents and the notice of electronic filing of the applicable placeholder to be mailed by first class mail, postage paid, to the following:

Alan G. Carlson
J. Derek VAndenburgh
R. J. Zayed
Tara C. Norgard
Dennis C. Bremer
Marlee A. Jansen
Jonathan D. Carpenter
Carlson, Caspers, Vandenburgh & Lindquist
225 South Sixth Street, Suite 3200
Minneapolis, MN 55402

Dated: April 17, 2012

**s/ Galyn Gafford**
**Galyn Gafford**

*GAFFORD EXHIBITS*

| *Ex.* | *Description* | *First Appears* |
|---|---|---|
| 1 | Gore final invalidity statement, served February 13, 2012 *[PARTIAL]* | 2 |
| 2 | Ex. C-H to AGA's Prior Art Statement, served December 1, 2009 *[UNDER SEAL]* | 5 |
| 3 | Tomar's prior art statement, dated ___ | 7 |
| 4 | Jan. 30, 2012 AGA Final Infringement Contentions | 10 |
| 5 | Jan. 18, 2011 AGA Preliminary Infringement Contentions | 10 |
| 6 | Mar. 27, 2012 AGA letter | 11 |
| 7 | Summary of Gore's thirty-eight invalidity charts. | 11 |