## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| | ) | |
| AGA Medical Corp., | ) | |
| | ) | |
| Plaintiff, | ) | No. 0:10-cv-03734-JNE-JSM |
| | ) | |
| v. | ) | |
| | ) | |
| W. L. Gore & Associates, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DECLARATION OF TARA C. NORGARD

I, Tara C. Norgard, hereby declare as follows:

1.     I am an attorney with the law firm of Carlson, Caspers, Vandenburgh, Lindquist & Schuman, P.A., counsel for plaintiff AGA Medical Corporation ("AGA") in the above-referenced action.  This declaration is submitted on behalf of AGA in support of its Motion for Leave to File the Amended Complaint.  This declaration is made on my own personal knowledge, except as otherwise indicated.

2.     Attached hereto as Exhibit A is a true and correct copy of a letter from me to Andrea L. Wayda and Matthew K. Blackburn, dated May 29, 2012.

3.     Attached hereto as Exhibit B is a true and correct copy of a letter from Zachary D. Silbersher to Samuel T. Lockner, dated June 7, 2012.  Among other things, Mr. Silbersher's letter requested "a draft of its motion to amend."  However, Mr. Blackburn and I had discussed that it would be a waste of litigation resources to draft such a motion until Gore had confirmed whether it would agree to stipulate to the amended complaint.

4.     Attached hereto as Exhibit C is a true and correct copy of a letter from me to Zachary D. Silbersher, dated June 8, 2012.

5.     Attached hereto as Exhibit D is a true and correct copy of a letter from me to Matthew K. Blackburn, dated June 29, 2012.  The second attachment to this email, which is the last page of Exhibit D, is **FILED UNDER SEAL**.

6.     On or about July 9, 2012, I had a telephone conversation with Matthew K. Blackburn, counsel for Gore, about the proposed amendment.  In that call, Gore asked for several new pieces of information, specifically, the scope and date by which the new St. Jude entities would produce relevant discovery and 26(a) disclosures, whether AGA would be amenable to stipulate to an extension of the schedule to allow for the additional discovery, and for a copy of the agreement whereby the '738 patent was licensed to the St. Jude entities.  As to the scope of discovery, I advised that the addition of the St. Jude entities related strictly to damages and as such, additional discovery would constitute financials and possibly minimal additional marketing materials for the period from January 1, 2012 forward.  I agreed to look into when this additional discovery would be ready to produce.  In response to Gore's inquiry about the case schedule, I advised that

AGA would be willing to stipulate to a reasonable extension to ensure that Gore would be able to obtain any new discovery necessitated by the amendment.  Finally, I advised Mr. Blackburn that I would inquire about production of the license that Gore had requested.

7.      Attached hereto as Exhibit E is a true and correct copy of a letter from Matthew K. Blackburn to me, dated July 9, 2012.

8.      On or about July 17, 2012, I called Mr. Blackburn to follow up on the requested stipulation and our July 9, 2012 conversation on that topic.  Attached hereto as Exhibit F is a true and correct copy of an email from me to Matthew K. Blackburn, dated July 17, 2012, following up on a voice mail I had left for him and attempting to set up a time for us to have a phone conversation.  When we connected by phone later that day, I advised Mr. Blackburn that the additional discovery from the St. Jude entities would likely be ready for production in or around mid-August 2012 and that AGA was still working on Gore's other most recent requests.  During the call, I reiterated that the additional discovery would be related to damages discovery, *i.e.*, financial summaries of costs and sales, and possibly some additional marketing material.  During this call, I suggested that a 45-day extension of the discovery schedule likely would accommodate the additional discovery surrounding the amendment.

9.      Attached hereto as Exhibit G is a true and correct copy of an email from me to Matthew K. Blackburn, dated August 21, 2012.

10.     Attached hereto as Exhibit H is a true and correct copy of the parties' Joint Status Letter submitted to the Court on August 24, 2012.

3

11.     Pursuant to L.R. 7.1, I hereby certify that AGA has met and conferred with counsel for Gore as set forth in this declaration in an attempt to achieve the proposed amendment by stipulation.  In its portion of the August 24, 2012 Joint Status Letter to the Court, Gore indicated that it will oppose the amendment.


I state under penalty of perjury that the foregoing is true and correct.


Dated:  August 31, 2012                    s/ *Tara C. Norgard*
                                           Tara C. Norgard