UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AGA Medical Corp., | ) </br> ) |
| Plaintiff, | )    No. 0:10-cv-03734-JNE-JSM </br> ) |
| v. | ) </br> ) |
| W. L. Gore & Associates, Inc., | ) </br> ) |
| Defendant. | ) </br> ) |

## SECOND DECLARATION OF TARA C. NORGARD

I, Tara C. Norgard, hereby declare as follows:

1.   I am an attorney with the law firm of Carlson, Caspers, Vandenburgh, Lindquist & Schuman, P.A., counsel for plaintiff AGA Medical Corporation ("AGA") in the above-referenced action. This declaration is submitted on behalf of AGA in support of its Motion for Leave to File the Amended Complaint. This declaration is made on my own personal knowledge, except as otherwise indicated.

2.   The scheduling order at issue in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), is not available on the Court's public PACER system. However, in deciding the motion at issue in that case, the Ninth Circuit described an absolute cut-off date for amending the pleadings in its cited opinion. *Id.* at 608 (noting that the scheduling order's "cut-off date for joining additional parties was October 17, 1989").

3. Attached hereto as Exhibit I is a true and correct copy of the Case Management Order entered in *Patrice Bradford v. Dana Corporation Sealed Power Division*, Case No. 4:98-cv-202 (E.D. Mo.), dated March 2, 1999.  The relevant portion of court's Case Management Order is at section I.2.

4. The scheduling order at issue in *In re Milk Antitrust Litig.*, 195 F.3d 430 (8th Cir. 1999) is not available on the Court's public PACER system.  However, the Eighth Circuit quoted that order as setting an absolute deadline of February 1, 1997 for "all motions which seek to amend the pleadings or add parties."  *Id.* at 437.

5. Attached hereto as Exhibit J is a true and correct copy of the Second Amended Scheduling Order and Discovery Plan in *Carolyn Freeman v. Scott Busch, et al.*, Case No. 99-cv-10063 (S.D. Iowa), dated August 27, 2001.  The relevant portion of court's Discovery Plan is paragraph 1.

6. Attached hereto as Exhibit K is a true and correct copy of the Order Setting Schedule for Initial Progression of Case in *Margaret Sherman, et al. v. China Sunsong Fireworks Manufacturing Co., Ltd., et al.*, Case No. 04-cv-00300 (D. Neb.), dated December 7, 2004. The relevant portion of court's Order is paragraph 6.

7. Attached hereto as Exhibit L is a true and correct copy of the Amended Pretrial Scheduling Order in *Boston Scientific Scimed, Inc., et al. v. ev3, Inc.*, Case No. 05-cv-0651 (D. Minn.), dated January 6, 2006.  The relevant portion of court's Order is page 1.

8. Attached hereto as Exhibit M is a true and correct copy of the Order for Initial Progression of Case in *Morrison Enterprises, LLC and City of Hastings, Nebraska v. Dravo Corporation*, Case No. 08-cv-03142 (D. Neb.), dated December 23, 2008. The relevant portion of court's Order is paragraph 8.

9. Attached hereto as Exhibit N is a true and correct copy of the Amended Pretrial Scheduling Order in *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc., et al.* Case No. 09-cv-01091 (D. Minn.), dated May 26, 2010.  The relevant portion of court's Order is page 2.

10. Attached hereto as Exhibit O is a true and correct copy of relevant pages from Plaintiff AGA Medical Corporation's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1), which AGA served on November 29, 2010.

I state under penalty of perjury that the foregoing is true and correct.

Dated:  September 12, 2012              s/ Tara C. Norgard
                                        Tara C. Norgard