UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AGA Medical Corp.,

    Plaintiff,

v.                                                         Civil No. 10-3734 (JNE/JSM)
                                                        ORDER

W. L. Gore & Associates, Inc.,

    Defendant.

---

Alan G. Carlson, R.J. Zayed, Tara C. Norgard, and Marlee A. Jansen, Carlson, Caspers, Vandenburgh, Lindquist & Schuman, appeared for Plaintiff AGA Medical Corp.

James W. Poradek, Kevin P. Wagner, and Katherine S. Razavi, Faegre Baker Daniels LLP, appeared for Defendant W. L. Gore & Associates, Inc.

---

AGA Medical Corp. brought this action against W. L. Gore & Associates, Inc., for patent infringement. W. L. Gore asserted counterclaims for declarations of non-infringement and invalidity. The patent-in-suit is U.S. Patent No. 5,944,738 (filed Feb. 6, 1998). The case is before the Court on W. L. Gore's Motion to Dismiss AGA Medical Corporation's Infringement Claims. For the reasons set forth below, the Court denies W. L. Gore's motion.

Initially, AGA Medical asserted claims 20, 23, 25, 27, and 30 of the '738 Patent. Claim 20 is an independent claim, and the other asserted claims depend from claim 20. In October 2012, AGA Medical executed a covenant not to sue with respect to claims 20, 25, and 27:[1]

> AGA Medical, on behalf of itself and any successors-in-interest and/or assignees and/or licensees, unconditionally and irrevocably agrees, promises and covenants not to sue, assert any claim of infringement of, or otherwise enforce or attempt to enforce claims 20, 25, and 27 of the [']738 Patent against Gore, including each of Gore's respective current and future parents, subsidiaries, affiliates, officers,

---

[1] AGA Medical executed two covenants not to sue. The first covered the "GORE® HELEX Septal Occluder device." The second covered both the "GORE® HELEX Septal Occluder device and the Gore® Septal Occluder device."

> directors, employees, customers, distributors, suppliers, insurers, attorneys, representatives and agents of any kind, and their successors and assigns, if any, in connection with the manufacture, use, sale, offer for sale, or importation of the accused GORE® HELEX Septal Occluder device and the Gore® Septal Occluder device.

The next month, W. L. Gore withdrew its counterclaims with respect to claims 20, 25, and 27. W. L. Gore reasoned that "there is no present case or controversy under Article III with respect to those patent claims in this action."[2]

Approximately one month later, W. L. Gore filed its Motion to Dismiss AGA Medical Corporation's Infringement Claims. W. L. Gore "moves for dismissal for lack of subject matter jurisdiction" or, in the alternative, "for judgment on the pleadings . . . based on [AGA Medical's] failure to state a claim upon which relief can be granted." According to W. L. Gore, AGA Medical's covenant not to sue "is an express license for Gore to practice the subject matter of independent claim 20, which includes an express license to practice the narrower dependent claims that fall within the scope of independent claim 20." W. L. Gore maintains that "[t]his license 'extinguishes the controversy' between the parties and 'divests the district court of its Article III jurisdiction' with respect to this entire case." Thus, W. L. Gore asserts that the case must be dismissed for lack of subject matter jurisdiction. In the alternative, W. L. Gore asks that

---

[2] The Court expresses no opinion on this assertion. *Cf. Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) ("Ablaise's covenant not to sue avowed that Ablaise would not sue Dow Jones for any acts of infringement of its '530 patent. The covenant therefore extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction."); *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 995-96 (Fed. Cir. 2007) (stating that party that "withdrew some independent claims from the litigation" and "chose to maintain causes of action based on certain dependent claims relating to its display technology" "left the entire subject matter of the display claims at issue"; affirming "the district court's decision to retain jurisdiction over the withdrawn claims" and the district court's "decision on the invalidity of those claims"); *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, 708 F. Supp. 2d 527, 537 (D. Md. 2010) (noting that "district courts have differed about the effect of a partial covenant not to sue on declaratory judgment jurisdiction" after *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)).

AGA Medical's infringement claim be dismissed for failure to state a claim and that its counterclaims be dismissed as moot.

"[O]ne cannot convey what one does not own. . . . [T]he grant of a patent does not provide the patentee with an affirmative right to practice the patent but merely the right to exclude." *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009). Consequently, "a patentee, by license or otherwise, cannot convey an affirmative right to practice a patented invention by way of making, using, selling, etc.; the patentee can only convey a freedom from suit." *Id.*; *Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987) ("Even if couched in terms of '[l]icensee is given the right to make, use, or sell X,' the agreement cannot convey that absolute right because not even the patentee of X is given that right."). "[P]atent license agreements can be written to convey different scopes of promises not to sue, *e.g.*, a promise not to sue under a specific patent or, more broadly, a promise not to sue under any patent the licensor now has or may acquire in the future." *Spindelfabrik*, 829 F.2d at 1081. "[A] non-exclusive patent license is equivalent to a covenant not to sue." *TransCore*, 563 F.3d at 1275-76 ("The real question, then, is not whether an agreement is framed in terms of a 'covenant not to sue' or a 'license.' That difference is only one of form, not substance–both are properly viewed as 'authorizations.'"); *see Spindelfabrik*, 829 F.2d at 1081.

In this case, AGA Medical executed a covenant not to sue W. L. Gore for infringement of claims 20, 25, and 27 of the '738 Patent with respect to the GORE® HELEX Septal Occluder device and the Gore® Septal Occluder device. Consequently, AGA Medical has conveyed to W. L. Gore a freedom from suit on claims 20, 25, and 27. Although claims 23 and 30 depend from, and thus are narrower than, claim 20, *see Alcon Research, Ltd. v. Apotex Inc.*, 687 F.3d

3

1362, 1367 (Fed. Cir. 2012), *petition for cert. filed*, (U.S. Feb. 8, 2013) (No. 12-984), nothing in the covenant not to sue granted W. L. Gore a freedom from suit on claims 23 and 30. The covenant not to sue is not an express license of claims 23 and 30. *Cf. Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1379 (Fed. Cir. 2000) ("Implicit in the right to exclude is the ability to waive that right, *i.e.*, to license activities that would otherwise be excluded, such as making, using and selling the patented invention in the United States. Those activities, of course, may be subject to further limitations such as governmental restrictions or 'blocking' patents."); *Spindelfabrik*, 829 F.2d at 1081 ("Indeed, the patentee of X and his licensee, when making, using, or selling X, can be subject to suit under other patents. In any event, patent license agreements can be written to convey different scopes of promises not to sue . . . ."). The Court denies W. L. Gore's motion.[3]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. W. L. Gore's Motion to Dismiss AGA Medical Corporation's Infringement Claims [Docket No. 298] is DENIED.

Dated: February 20, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[3] In *Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1311-12 & n.5 (Fed. Cir. 2009), the Federal Circuit addressed whether a dependent claim was infringed after the independent claim from which it depended was made the subject of a covenant not to sue.