# Exhibit 29

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |  |
|---|---|---|
| AGA Medical Corp., | ) | |
| | ) | |
| Plaintiff, | ) | No. 0:10-cv-3734 (JNE/JSM) |
| | ) | |
| v. | ) | |
| | ) | |
| W. L. Gore & Associates, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF AGA MEDICAL CORPORATION'S
THIRD SET OF INTERROGATORIES TO
DEFENDANT W.L. GORE & ASSOCIATES (NO. 19-22)**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff AGA Medical Corporation ("AGA") directs the following Interrogatories to Defendant W.L. Gore & Associates ("Gore"). Gore is required to answer these Interrogatories separately and fully in writing, under oath, and to serve a copy of its answer within thirty (30) days upon counsel for AGA at the offices of Carlson, Caspers, Vandenburgh & Lindquist, 225 South Sixth Street, Suite 3200, Minneapolis, Minnesota 55402, or at some alternative place upon which counsel may agree. These Interrogatories are to be understood and answered in accordance with the Terms and Definitions and Instructions below. Further, these Interrogatories also incorporate the Terms and Definitions and Instructions from AGA's first and second set of interrogatories to Gore.

## TERMS AND DEFINITIONS

1. "AGA" means AGA Medical Corporation.

2. "Gore" means W.L. Gore & Associates, Inc., including any current or former parent, subsidiary, affiliate, division, partner, joint venturer, department, office, center, predecessor, or successor thereof.

3. "Third party" or "third parties" means any person or entity not a party to this action.

4. "The '738 patent" means United States Patent No. 5,944,738, issued August 31, 1999.

5. "The Asserted Claims" means claims 20, 23, 25, 27, and 30 of the '738 patent.

6. Any entity which is not a natural person, for example a corporation, includes:
   a. all entities by that name as well as any entities that have done business by that name;
   b. all past or present divisions, subsidiaries, or affiliates of the foregoing entities;
   c. all predecessors, successors, or owners / purchasers of the foregoing entities;
   d. all past or present directors, officers, employees, agents, or representatives of any of the foregoing entities; and
   e. anyone acting or purporting to act on behalf of that entity, including without limitation all present and former officers, directors, investors, employees, agents, representatives, attorneys, consultants, or other personnel.
7.

## INSTRUCTIONS

1. These Interrogatories call for all information on the particular subject in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, officers, directors, or representatives, or other persons acting on your behalf or under your authorization, employment, direction, or control.

2. Each interrogatory shall be given a separate answer.

2

3. If an interrogatory asks you to describe something, please provide a narrative explanation of that thing and identify all people, events, and documents related to that thing and corresponding narrative explanation.

4. All non-identical copies of documents, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed, or otherwise prepared shall be considered and identified as a separate document.

5. In answering the following Interrogatories, if privilege or immunity is alleged as to information or documents, or if an interrogatory is otherwise not answered in full, state the specific grounds for not answering in full, identify and provide a general description of the contents or subject matter of all information or documents for which privilege or immunity is claimed, and answer the Interrogatory to the extent to which it is not objected to.

6. In order to bring within the scope of these Interrogatories any and all conceivably relevant matters or information which might otherwise be construed to be outside the scope:

   a. the singular of each word shall be construed to include its plural and vice versa;

   b. "and" as well as "or" shall be construed both conjunctively as well as disjunctively;

   c. "each" shall be construed to include "every" and vice versa;

   d. "any" shall be construed to include "all" and vice versa;

   e. the present tense shall be construed to include the past tense and vice versa; and

   f. the masculine shall be construed to include the feminine and vice versa.

7. These Interrogatories are continuing and, in addition to the obligations imposed by Rule 26(e) of the Federal Rules of Civil Procedure, you are requested to promptly supplement your responses with information as requested herein that may become known or available to you after the date of your initial written response to these Interrogatories.

8. If an interrogatory asks you to identify a person(s), identify that person by name, address, employer, and job title.

9. If an interrogatory asks you to identify a place, identify that place by its full address.

## INTERROGATORIES

**INTERROGATORY NO. 19:**

State whether Gore contends that AGA is not entitled to damages in the form of lost profits damages if the Gore® HELEX Septal Occluder products are found to infringe one or more of the Asserted Claims of the '738 patent and, if that is Gore's contention, describe in detail all factual and legal bases for such contention, including without limitation identifying and describing all products (by manufacturer, product name, and product number) that Gore contends are acceptable non-infringing substitutes, identifying all documents supporting such contention, and identifying the three persons most knowledgeable of such contention.

**INTERROGATORY NO. 20:**

Identify and describe the annual sales of the Gore® Septal Occluder medical devices by month and year including without limitation the number of units sold in the United States, the number of units sold outside the United States, the unit sales price, the unit cost, the total sales in dollars and units, and the gross and net profit per unit.

**INTERROGATORY NO. 21:**

Fully describe the relevant market that you contend should be considered for determining whether AGA is entitled to lost profits in this case, identifying all products in the market by manufacturer, name, and product number and stating the price and market share of each.

**INTERROGATORY NO. 22:**

State the reasonable royalty rate that you contend should be used to compute AGA's damages if the Gore® HELEX Septal Occluder products are found to infringe one or more of the Asserted Claims of the '738 patent, and identify and explain all facts that support that rate.

Date: August 5, 2011　　　　　　　　**AGA Medical Corp.,**

By its attorneys,

_____
Alan G. Carlson (MN Bar No. 14,801)
J. Derek Vandenburgh (MN Bar No. 224,145)
R.J. Zayed (MN Bar No. 309,849)
Tara C. Norgard (MN Bar No. 307,683)
Jonathan D. Carpenter (MN Bar No. 387,511)
CARLSON, CASPERS, VANDENBURGH &
　　LINDQUIST, P.A.
225 South Sixth Street
Suite 3200
Minneapolis, MN 55402
Phone: 612-436-9600
Fax: 612-436-9605
jcarpenter@ccvl.com