# Exhibit 30

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| AGA Medical Corp.,<br><br>       Plaintiff,<br><br>       v.<br><br>W. L. Gore & Associates, Inc.,<br><br>       Defendant. | No. 0:10-cv-3734 (JNE/JSM)<br><br>**GORE'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSE TO AGA'S THIRD SET OF INTERROGATORIES (NO. 19)** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant W. L. Gore & Associates, Inc. ("Gore") makes the following supplemental objections and response to the Third Set of Interrogatories (No. 19) served by Plaintiff AGA Medical Corporation ("AGA"), supplementing the response and objections served on September 9, 2011.

### RESERVATION OF RIGHTS AND GENERAL OBJECTIONS

The following reservation of rights and general objections apply to each of AGA's interrogatories:

1.      Gore's objections and responses are based on Gore's current knowledge, information, and reasonable beliefs. Gore has not completed its investigation into the facts and circumstances pertaining to this lawsuit or its preparation for trial. Gore therefore reserves the right to modify, alter, amend, supplement these objections and responses based on any information that is learned or discovered subsequently, or to present additional evidence in any filing or proceeding including, but not limited to, at trial.

2.      Gore objects generally to each definition, instruction and interrogatory to the extent it purport to impose obligations beyond those imposed by the Federal Rules of Civil

1

Procedure, or any other applicable rules and orders of the Court, or any stipulation or agreement of the parties. Gore further objects to the definitions and instructions to the extent they purport to alter the plain meaning and/or scope of any specific interrogatory, on the ground that such alteration renders the interrogatory vague, ambiguous, overbroad, and uncertain.

3.      Gore objects generally to each definition, instruction and interrogatory to the extent it seeks information that does not exist, or is not in Gore's possession, custody or control.

4.      Gore objects generally to AGA's definition of "Gore" to the extent that definition includes persons or entities other than W. L. Gore & Associates, Inc., which are not parties to this action. Gore further objects to AGA's definition of "Gore" to the extent AGA's definition improperly expands the scope of discovery by seeking information and documents that are not currently in the possession, custody or control of Gore.

5.      Gore objects generally to each interrogatory to the extent that: (a) it seeks information beyond what is available to Gore at present after conducting a reasonable search of its own files and a reasonable inquiry of its current employees; and/or (b) it purports to imposes obligations beyond those imposed by the Federal Rules of Civil Procedure, including, without limitation, Fed. R. Civ. P. 26 and 33, the Local Rules relating to Patent Cases, any applicable orders of this Court, or any stipulation or agreement of the parties.

6.      Gore objects generally to each interrogatory to the extent it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the relevant statutory or case law (collectively, "Privileged Information").

7. Gore objects generally to each interrogatory to the extent it seeks information protected by Rule 26(b)(3) and/or 26(b)(4), Fed. R. Civ. P.

8. Gore objects generally to each interrogatory to the extent it is premature at the current stage of this litigation and seeks to have Gore marshal all of its evidence before Gore has had a chance to conduct full discovery and before the Court has conducted a *Markman* or claim construction hearing for the disputed terms of the asserted patent and because it seeks information that will be the subject of expert testimony.

9. Gore objects generally to each interrogatory as unduly burdensome, overly broad, oppressive and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, or which exceeds the scope of discovery permitted by the Federal Rules of Civil Procedure.  Pursuing such information is wasteful and unnecessary and is counter to AGA's complaints about wanting to streamline discovery.

10. Gore objects generally to each interrogatory as unduly burdensome, overly broad, oppressive, and calling for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information unrelated to the temporal or geographic scope of this action.

11. Gore objects generally to each interrogatory to the extent it seeks all information (*e.g.*, "all factual and legal bases," "all products," "all documents," "all facts") when a smaller set of information is sufficient to provide the substance of the information sought, and the burden of searching for and producing all information outweighs the limited materiality or relevance of the additional information that would be required to be furnished.

12.     Gore objects generally to each interrogatory to the extent that it is vague, ambiguous, or confusing, by failing to adequately define terms or by failing to describe the information sought with reasonable particularity.

13.     Gore objects generally to each interrogatory as unduly burdensome, overbroad and oppressive to the extent it calls for information in the public domain or in the possession, custody or control of third parties and, therefore, of no greater burden for AGA to obtain than Gore.

14.     Gore objects generally to each interrogatory to the extent it seeks production of confidential and/or proprietary information of any individual or entity that is not a party to this action, and to the extent it seeks production of information that Gore is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

15.     Gore objects generally to each interrogatory to the extent it seeks information relating to experimental, developmental, contemplated and/or future Gore products or devices. Gore also objects to each interrogatory to the extent it seeks Gore's proprietary trade secrets. Such information is neither relevant to any issue in this action nor reasonably calculated to the lead to the discovery of admissible evidence. Additionally, information regarding experimental, developmental, contemplated and/or future Gore products or devices is highly proprietary, confidential and constitutes a trade secret.

16.     Gore objects generally to each interrogatory on the grounds that it contains multiple discrete subparts under Fed. R. Civ. P. 33(a)(1) and the Pretrial Scheduling Order, and therefore constitutes more interrogatories than it is represented to be.

17.     Gore objects generally to each interrogatory to the extent that it seeks information relating to clinical studies and other activities that, pursuant to 35 U.S.C. § 271(e)(1), do not constitute acts of infringement.

18.     Gore objects generally to each interrogatory to the extent that it is duplicative of another interrogatory.

19.     Gore will respond to each of AGA's interrogatories, to the extent no objection is made, based on Gore's interpretation and understanding of the interrogatory.  If AGA subsequently asserts any interpretation of its interrogatory that differs from Gore's understanding, Gore reserves the right to alter, amend or supplement its objections and responses.

20     Gore's reservation of rights and general objections are hereby incorporated into each of Gore's specific objections and responses below.  To the extent any of the general objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific requests and are not to be construed as a waiver of any other General Objection.

21.     Nothing contained in these objections or responses should be construed as a waiver of any of Gore's rights or objections which otherwise might be available to Gore, nor should Gore's responses be deemed an admission concerning the existence or nonexistence of any information or documents or an admission of relevancy, materiality or admissibility into evidence of any information or documents or the truth or accuracy of any statement in any of AGA's interrogatories.

**SPECIFIC OBJECTIONS AND RESPONSES
TO THE INTERROGATORIES**

**INTERROGATORY NO. 19:**

State whether Gore contends that AGA is not entitled to damages in the form of lost profits damages if the Gore® HELEX Septal Occluder products are found to infringe one or more of the Asserted Claims of the '738 patent and, if that is Gore's contention, describe in detail all factual and legal bases for such contention, including without limitation identifying and describing all products (by manufacturer, product name, and product number) that Gore contends are acceptable non-infringing substitutes, identifying all documents supporting such contention, and identifying the three persons most knowledgeable of such contention.

**RESPONSE:**

Gore objects to this interrogatory to the extent it impermissibly seeks Privileged Information. Gore also objects to this interrogatory to the extent it seeks information protected by Rule 26(b)(3) and/or 26(b)(4), Fed. R. Civ. P. Gore further objects to this interrogatory on the grounds that this interrogatory is premature at the current stage of this litigation and seeks to have Gore marshal all of its evidence before Gore has had a chance to conduct full discovery and before the Court has conducted a Markman or claim construction hearing for the disputed terms of the asserted patent and because it seeks information that will be the subject of expert testimony. Gore further objects to this interrogatory to the extent that AGA seeks a legal conclusion or legal basis. Gore further objects to this interrogatory to the extent it seeks all information (e.g., "all factual and legal bases," "all products," "all documents") when a smaller set of information is sufficient to provide the substance of the information sought, and the burden of searching for and producing all information outweighs the limited materiality or relevance of the additional information that would be required to be furnished. Gore further objects to this interrogatory on the grounds that the phrases "lost profits damages" and "acceptable non-infringing substitutes" are vague, ambiguous, overbroad, uncertain, confusing, or otherwise fail to describe the information sought with reasonable particularity. Gore further objects to this

6

interrogatory as unduly burdensome, overbroad and oppressive to the extent that it seeks

information in the public domain or in the possession, custody or control of third parties and,

therefore, of no greater burden for AGA to obtain than Gore.  Gore reserves its right to amend its

contentions and/or produce any documents concerning damages once said evaluation and

calculation have been conducted by Gore's expert.

Based on Gore's understanding of this interrogatory, and subject to and without waiver of

the foregoing specific objections and Gore's general objections, Gore responds as follows:

In accordance with Federal Rule of Civil Procedure 33(d), if not already so produced and

to the extent such documents exist and can be located, Gore will supplement its response to this

interrogatory to identify the relevant documents by Bates numbers from which information

sought by this interrogatory can be ascertained.  Also, Gore will serve its rebuttal expert reports

by the deadline set by the Court in the Pretrial Scheduling Order, and Gore reserves the right to

supplement its response to this interrogatory as necessary after the reports have been served.

**SUPPLEMENTAL RESPONSE:**

Gore objects to this interrogatory to the extent it impermissibly seeks Privileged

Information.  Gore also objects to this interrogatory to the extent it seeks information protected

by Rule 26(b)(3) and/or 26(b)(4), Fed. R. Civ. P.  Gore further objects to this interrogatory on the

grounds that this interrogatory is premature at the current stage of this litigation and seeks to

have Gore marshal all of its evidence before Gore has had a chance to conduct full discovery and

before the Court has conducted a *Markman* or claim construction hearing for the disputed terms

of the asserted patent and because it seeks information that will be the subject of expert

testimony.  Gore further objects to this interrogatory to the extent that AGA seeks a legal

conclusion or legal basis.  Gore further objects to this interrogatory to the extent it seeks all

information (*e.g.*, "all factual and legal bases," "all products," "all documents") when a smaller

set of information is sufficient to provide the substance of the information sought, and the burden

of searching for and producing all information outweighs the limited materiality or relevance of

the additional information that would be required to be furnished.  Gore further objects to this

interrogatory on the grounds that the phrases "lost profits damages" and "acceptable non-

infringing substitutes" are vague, ambiguous, overbroad, uncertain, confusing, or otherwise fail

to describe the information sought with reasonable particularity.  Gore further objects to this

interrogatory as unduly burdensome, overbroad and oppressive to the extent that it seeks

information in the public domain or in the possession, custody or control of third parties and,

therefore, of no greater burden for AGA to obtain than Gore.  Gore reserves its right to amend its

contentions and/or produce any documents concerning damages once said evaluation and

calculation have been conducted by Gore's expert.

Based on Gore's understanding of this interrogatory, and subject to and without waiver of

the foregoing specific objections and Gore's general objections, Gore responds as follows:

First, AGA has not shown that it gave Gore actual notice of its claim that the Gore®

HELEX Septal Occluder medical devices infringed the asserted claims of the '738 patent.  For at

least this reason, AGA is not entitled to any damages prior to the filing of the complaint on

August 24, 2010.

AGA has not made the requisite showing that it is entitled to lost profits relating to its

sales of the AMPLATZER® PFO Occluder or the AMPLATZER® Multi-Fenestrated Septal

Occluder products even if the Gore® HELEX Septal Occluder devices are ultimately found to

infringe the asserted claims of the '738 patent.  To recover lost profits, a patentee must show

that, but for the infringement, the patentee would have made the sales and would have made a

certain level of profit. At this point in the litigation, AGA has not made these required showings. AGA bears the burden of proof and has not yet presented any evidence it alleges supports an award of lost profits.

For example, AGA has not proven that 1) the Gore® HELEX Septal Occluder medical devices infringe any valid asserted claim of the '738 patent; 2) any products that AGA sells actually compete with the Gore® HELEX Septal Occluder medical devices in the relevant market; 3) demand exists for the patented feature or features of the product of the '738 patent; 4) there is an absence of non-infringing alternatives; 5) it has the manufacturing and marketing capability to exploit the demand (if any exists); and 6) it has calculated the amount of profit it would have made but for the alleged infringement by the Gore® HELEX Septal Occluder medical devices.

Further, Gore provides the following preliminary identification of acceptable non-infringing alternatives, even though several events in this case will occur before a final identification is possible and appropriate, including without limitation, further discovery, the claim construction process and ultimate order, and expert reports from both sides. Acceptable non-infringing alternatives include the Occlusion Devices (as defined in Gore's discovery requests) known in the art prior to February 6, 1998. Such devices include those disclosed in prior art references that were part of the prosecution of the '738 patent. (AGA_GORE0017704-837). Such devices also include the prior art referenced in Gore's preliminary prior art statement served on March 1, 2011, including the Amplatz Vascular Occluder, the Amplatz Atrial Septal Occluder Device, the King-Mills Double Umbrella Device, the Rashkind Ductus Occluder, the Bard Clamshell Septal Umbrella, the Lock Clamshell Device, the Sideris Buttoned Double-Disk Occluder for ASD, the Neuss Duct Occlud Device, the Nitinol Medical Technologies' Cardio-

9

SEAL ASD Occluder Device, the Microvena Corp.'s Das Angel Wing Device, the Oscor/Osypka's ASDOS Device (Basic Double Umbrella), the Liu Device and the Duct Occlud pfm. To the extent that these prior art devices or their use do not invalidate the claims of the '738 patent, they would constitute non-infringing alternatives.

Additionally, acceptable non-infringing alternatives include occluder devices either available or on the market during all or portions of the relevant period including products made by: Occlutech such as the Occlutech Flex PFO and the Occlutech Flex ASD; NMT such as the CardioSEAL, STARFlex, BioSTAR and BioFlex;Cardia such as the ATRIASEPT I/II ASD and ATRIASEPT I/II PFO; pfm such as the PFO-R, the PDA-R and the ASD-R;and various other manufacturer's products such as the Solysafe Septal Occluder, the FlatStent by Coherex, the Premere by St. Jude and the Cera ASD and PDA by Lifetech.

In addition, the GORE® Septal Occluder is a non-infringing alternative. (WLG01227751-8033). Other non-infringing alternatives also include devices that are not approved by the FDA and are within the Section 271(e)(1) safe harbor. Additional non-infringing alternatives are devices having a central portion that is not "flexible" or which does not "allow[] lateral movement" within the meaning of the '738 patent. Such devices have long been publicly disclosed or available in the United States.

Also, Gore will serve its rebuttal expert reports by the deadline set by the Court in the Pretrial Scheduling Order, and Gore reserves the right to supplement its response to this interrogatory in the event that the facts and evidence disclosed in discovery and/or proved at trial so warrant.

Dated: January 13, 2012                    **W. L. GORE & ASSOCIATES, INC.**


/s/ *Matthew K. Blackburn*
Matthew K. Blackburn (CA #261959)
LOCKE LORD BISSELL & LIDDELL LLP
44 Montgomery Street
Suite 2400
San Francisco, CA 94104
Telephone: (415) 318-8810
Facsimile: (415) 676-5816
E-mail: mblackburn@lockelord.com

John F. Sweeney (NY #1394568)
Andrea L. Wayda (NY #2524932)
Steven M. Purdy (NY #4406823)
LOCKE LORD BISSELL & LIDDELL LLP
Three World Financial Center
New York, New York 10281-2101
Telephone: (212) 415-8600
Facsimile: (212) 303-2754
Email: jsweeney@lockelord.com

Myoka Kim Goodin (CA #229073)
Patrick Gallagher (IL #6294674)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606-4410
Telephone: (312) 443-0700
Facsimile: (312) 443-0336
Email: mkgoodin@lockelord.com

James W. Poradek (#290488)
Katherine S. Razavi (#388958)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: 612-766-7000
Facsimile: 612-766-1600
E-mail: jporadek@faegre.com
E-mail: krazavi@faegre.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| AGA Medical Corp., | No. 0:10-cv-3734 (JNE/JSM) |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| W. L. Gore & Associates, Inc., | |
| Defendant. | |

I hereby certify that on January 13, 2012, I have caused a copy of **GORE'S**

**SUPPLEMENTAL OBJECTIONS AND RESPONSE TO AGA'S THIRD SET OF**

**INTERROGATORIES (NO. 19)** to be served by e-mail upon counsel for Plaintiff AGA

Medical Corporation:

    Alan G. Carlson (acarlson@ccvl.com)
    J. Derek Vandenburgh (dvandenburgh@ccvl.com)
    R. J. Zayed (rzayed@ccvl.com)
    Tara C. Norgard (tnorgard@ccvl.com)
    Dennis C. Bremer (dbremer@ccvl.com)
    Jonathan D. Carpenter (jcarpenter@ccvl.com)
    CARLSON, CASPERS, VANDENBURGH & LINDQUIST, P.A.
    225 South Sixth Street
    Suite 3200
    Minneapolis, MN 55402

Dated: January 13, 2012                            */s/ Steven M. Purdy*
                                                Steven M. Purdy